## M. Uhlman & Company

### v.

### State of Illinois.

*Opinion filed January 19, 1921.*

Corporations—*when license fee cannot be refunded.* Where application for license to open books for subscription to the capital stock of a corporation accompanied by the license fee and the license is issued, no refund of the fee, or any part thereof, can be made. The fact that the books were not opened, or that the incorporation was not completed makes no difference.

Same—*subsequent legislation changing the fee does not authorize a refund.* That a statute is passed subsequent to the issuance of the license reducing the incorporation fee does not entitle claimant to a refund of the difference between the fee paid before the enactment of the statute and that fixed by the later law.

General Incorporation Act of 1919—*claim not within its provisions.* Claimant does not come within the provisions of Section 158 of the General Incorporation Act of 1919, and that Act did not repeal or revoke the license issued to claimant under the prior law.

Edward J. Brundage, Attorney General, for State.

The claimant is an Illinois corporation, with an authorized capital stock of three hundred thousand dollars ($300,000.00). On June 23, 1919, commissioners proposing to form said corporation made application for license, and paid an incorporation fee of three hundred forty-five dollars ($345.00), under the provisions of an act concerning corporations, in force July 1, 1872, and an act regarding fees for the incorporation and increase of capital stock of companies incorporated in this State, in force July 1, 1895, and amendments thereto.

The organization of the corporation was not completed until after July 1, 1919, at which time the General Corporation Act of 1919 went into effect. The claimant had afterwards completed its organization, and a certificate of incorporation was issued on July 31, 1919. Under the act of July 1, 1919, the fee for incorporation of a company with a capital stock of three hundred thousand dollars ($300,000.00) became one hundred fifty dollars ($150.00).

The claimant now seeks to recover the difference between this amount and the amount paid by the commissioners who commenced its incorporation, to-wit: three hundred forty-five dollars ($345.00), the difference claimed being one hundred ninety-five dollars ($195.00).

The State filed a general demurrer. The Court is of the opinion that the demurrer should be sustained. It has been decided by this court in several cases, notably, *McKinley, Hood, and Ebersole v. State,* 2 C. of C., 125, that where an application for a license to open books for

subscription to the capital stock of a corporation is made, accompanied by the license fee, and the license issued, no refund of the fee or any part thereof can be made, no matter whether the books were opened or not, or whether the incorporation was completed or not." If, therefore, no further steps had been taken to complete the incorporation under the license issued, the claimant could not have obtained a refund, but the 51st General Assembly made an appropriation, which provides as follows: "For refund of corporation fees where the organization of a corporation or corporations is not completed under license issued, or where the license to sell securities under any act regulating the sale of such securities has not issued and the fee paid for the issuance of such license has heretofore or hereafter been turned into the State Treasury * * * the sum of $6,500 for the first year and the sum of $5,000 for the second year." It then arises whether the claimant falls within the classification to whom refund might be made under this appropriation. The General Incorporation Act of July 1, 1919, provided in Section 158 thereof, as follows: "Whenever commissioners licensed to open books of subscription to the capital stock of a proposed corporation to be organized under any law of this State, shall desire to complete the organization of such company, they may proceed to do so in the same manner as provided by this act, provided they complete the organization of such proposed corporation within the time specified by the act under which such license was issued." The incorporators of M. Uhlmann & Company must have acted under this section in completing their incorporation. The court is of the opinion that this act did not revoke or repeal the license issued to the incorporators under the prior act, and that the incorporation was completed under this license. In this view no refund can be awarded to the claimant, the demurrer is sustained, and the case is dismissed.